IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| JUSTIN GARRETT, | ) |
|     Petitioner, | ) ) ) |
| v. | ) ) Case No. 3:24-cv-242-RAH-SMD ) (WO) |
| UNITED STATES OF AMERICA, | ) ) |
|     Respondent. | ) |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

Justin Garrett is before the court on a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. (Doc. 1.)[1] For the reasons discussed below, the Magistrate Judge RECOMMENDS that Garrett's § 2255 motion be GRANTED and that Garrett be allowed to file an out-of-time appeal.

**I.     INTRODUCTION**

On June 22, 2023, Garrett pled guilty under a plea agreement to one count of conspiracy to possess with intent to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) & 846. (Crim. Doc. 221.) As part of the plea agreement, Garrett waived his right to appeal for any reason other than ineffective assistance of counsel or prosecutorial misconduct. (Crim. Doc. 219 at 7.) On November 2, 2023, the district court sentenced Garrett to 204 months' imprisonment. (Crim. Doc. 366.)

---

[1] References to documents filed in this proceeding are designated as "Doc." References to documents filed in the underlying criminal case (No. 3:22-cr-97-RAH-SMD) are designated as "Crim. Doc." Pinpoint citations refer to page numbers affixed electronically by the CM/ECF filing system and may not correspond to pagination on the original versions as presented for filing.

Although Garrett filed an appeal on his own on November 16, 2023 (Crim. Doc. 371), that pro se appeal was dismissed by the Eleventh Circuit on January 11, 2024, after Garrett failed to file a certificate of interested persons and a timely transcript order form (Crim. Doc. 422).

On April 23, 2024, Garrett filed this § 2255 motion asserting that his trial counsel was ineffective for failing to file an appeal after Garrett instructed him to do so. (Docs. 1 & 2.)

A.  **Standard for § 2255 Relief**

A prisoner may obtain relief under § 2255 when the trial court imposes a sentence that: (1) violates the Constitution or laws of the United States; (2) exceeds its jurisdiction; (3) exceeds the maximum authorized by law; or (4) is otherwise subject to collateral attack. 28 U.S.C. § 2255; *McKay v. United States*, 657 F.3d 1190, 1194, n.8 (11th Cir. 2011). If a court determines that a prisoner is entitled to § 2255 relief, it "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b).

B.  **Evaluating Claims of Ineffective Assistance of Counsel**

A claim of ineffective assistance of counsel is evaluated against the standard announced by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). To show ineffective assistance, a petitioner must prove two things: (1) "counsel's performance was deficient"; and (2) "the deficient performance prejudiced the defense." *Id*. at 687. Performance is deficient when "it f[alls] below an objective standard of reasonableness and [i]s outside the wide range of professionally competent assistance." *Johnson v. Sec'y,*

2

*DOC*, 643 F.3d 907, 928 (11th Cir. 2011) (internal quotation marks omitted). Prejudice exists where "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

## II.    DISCUSSION

Garrett's sole claim for relief is that his former counsel, J. Mark Shelnutt, rendered ineffective assistance by failing to file an appeal after being instructed by Garrett to do so. (Doc. 1; Doc. 2 at 2–4.) Shelnutt has submitted an affidavit stating that he explained to Garrett the consequences of filing an appeal and potentially breaching his plea agreement by doing so, and that Garrett did not inform him of any grounds for wanting to appeal. (Doc. 8.) But Shelnutt does not contest Garrett's assertion that Garrett instructed him to file an appeal.

The record reflects that Garrett, acting pro se, filed an appeal without the assistance of counsel. That appeal was dismissed on procedural grounds, specifically Garrett's failure to file a certificate of interested persons and a timely transcript order form. (Crim. Doc. 422.)

Because Garrett's claim that he instructed Shelnutt to file an appeal is uncontested, the government recommends that this court either (1) hold Garrett's § 2255 motion in abeyance to allow Garrett, through counsel, to move to reinstate his appeal, or (2) vacate Garrett's criminal judgment, reimpose the same judgment, and then grant Garrett an additional period to file an out-of-time appeal. (Doc. 9 at 2–3.) The court finds that the latter of these options is the proper remedy in Garrett's case.

In *Roe v. Flores-Ortega*, 528 U.S. 470 (2000), the Supreme Court held that *Strickland* applies to determine whether counsel is ineffective for failing to file a notice of appeal. *Flores-Ortega*, 528 U.S. at 477. As to the first prong of *Strickland*—whether counsel's representation fell below an objective standard of reasonableness—the Supreme Court confirmed that "an attorney who fails to file an appeal on behalf of a client who specifically requests it acts in a professionally unreasonable manner per se." *Gomez-Diaz v. United States*, 433 F.3d 788, 791–92 (11th Cir. 2005) (citing *Flores-Ortega*, 528 U.S. at 477). In such cases, prejudice is presumed, and the petitioner may have a new appeal with no further showing. *Flores-Ortega*, 528 U.S. at 483 ("The . . . denial of the entire judicial proceeding itself, which a defendant wanted at the time and to which he had a right, . . . demands a presumption of prejudice."). A failure by counsel to pursue an appeal specifically requested by the defendant thus should result in the grant of an out-of-time appeal, even absent a showing that the defendant would have had any viable grounds for appeal. *Id*. at 477; *Martin v. United States*, 81 F.3d 1083, 1084 (11th Cir. 1996).

The Eleventh Circuit has set forth a four-step remedial process for such circumstances:

> When the district courts of this circuit conclude that an out-of-time appeal in a criminal case is warranted as the remedy in a § 2255 proceeding, they should effect that remedy in the following way: (1) the criminal judgment from which the out- of-time appeal is to be permitted should be vacated; (2) the same sentence should then be reimposed; (3) upon reimposition of that sentence, the defendant should be advised of all the rights associated with an appeal from any criminal sentence; and (4) the defendant should also be advised that the time for filing a notice of appeal from that re-imposed sentence is ten days, which is dictated by Rule 4(b)(1)(A)(i).

*United States v. Phillips*, 225 F.3d 1198, 1201 (11th Cir. 2000).[2]

The government concedes that an appropriate remedy here is to allow an out-of-time appeal by Garrett and stipulates that, under this remedy, the court should implement procedures like those outlined in *Phillips*. (Doc. 9 at 2–3.) The undersigned likewise concludes that Garrett is entitled to relief on the claim in his § 2255 motion and that he should be granted the opportunity to file an out-of-time appeal.

### III. CONCLUSION

For the reasons set forth above, it is the RECOMMENDATION of the Magistrate Judge that Garrett's § 2255 motion (Doc. 1) be GRANTED as follows:

(1) Garrett's claim for ineffective assistance of counsel should be granted;

(2) the judgment entered against Garrett in Case No. 3:22-cr-97-RAH-SMD should be vacated;

(3) the same sentence should be re-imposed in Case No. 3:22-cr-97-RAH-SMD, and an identical judgment should be re-entered against Garrett in Case No. 3:22-cr-97-RAH-SMD;

(4) Garrett should be advised that he has the right to appeal from the re-entered judgment and that the court will appoint counsel upon proper request; and

---

[2] Effective December 1, 2009, Rule 4(b)(1)(A) of the Federal Rules of Appellate Procedure was amended to increase the time for filing a notice of appeal to 14 days. *See* Fed. R. App. P. 4 advisory committee notes (2009 Amendments). The post-amendment version of Rule 4(b)(1)(A) would require that Garrett file a notice of appeal within 14 days from the date the district court enters judgment in his case.

(5) Garrett should be advised that he must file any notice of appeal from the re-entered judgment within the 14-day period provided under Rule 4(b)(1)(A)(i) of the Federal Rules of Appellate Procedure.

It is hereby ORDERED that objections to this Recommendation be filed no later than **July 5, 2024**. An objecting party must identify the specific portion of the factual findings or legal conclusions to which the objection is made and must describe in detail the basis for the objection. Frivolous, conclusive, or general objections will not be considered. Failure to file a written objection to this Recommendation shall bar a party from a de novo determination by the district court of any factual findings or legal conclusions contained here and shall waive the right of the party to challenge on appeal any subsequent order based on factual findings and legal conclusions accepted or adopted by the district court, except upon grounds of plain error or manifest injustice. 11th Cir. R. 3-1; s*ee Resolution Trust Corp. v. Hallmark Builders, Inc*., 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 20th day of June, 2024.

/s/ Stephen M. Doyle
STEPHEN M. DOYLE
CHIEF U.S. MAGISTRATE JUDGE